IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMMIE L. SMITH, JR.,

Plaintiff,

v.

ALANA ACKER,

Defendant.

OPINION and ORDER

24-cv-498-wmc

---

Plaintiff Sammie L. Smith, Jr., a state prisoner representing himself, alleges that defendant discontinued treatment of his sprained foot for no reason, in violation of his Eighth Amendment and state law rights. Dkt. 1 at 7. This order addresses plaintiff's motion to compel and related motion for sanctions, as well as his motion for assistance in recruitment of counsel.[1] Dkts. 28, 34 & 43. For the following reasons, these motions are DENIED.

## ANALYSIS

### A. Plaintiff's motion to compel and motion for sanctions, Dkt. 28 and Dkt. 34

These motions arise out of a dispute over the production of video footage. Plaintiff sought unredacted copies of certain video footage of his health services visit with defendant, which he claims will show the inadequacy of her medical care. Defendant responded by noting that four videos have been produced and explaining that one of the videos had been edited to redact audio of officers discussing another inmate's medical care, which implicates that inmate's personal health information and is not relevant to this case. Defendant further notes

[1] Also under advisement is defendant's motion for summary judgment. Dkt. 38. That motion will be decided by the presiding judge in a separate order.

that plaintiff "has not identified an issue or redaction" with respect to two other videos and that the fourth video is body-worn camera video showing the officer turning his body-worn camera off at the start of plaintiff's nursing appointment and turning it back on at the end. Dkt. 32 at 1. In an effort to resolve the dispute, defendant offered to submit the contested videos to the court for *in camera* review.

That will not be necessary at this time because this dispute appears moot. In reply, plaintiff indicated that preserved body-worn camera footage from Officer Houg had yet to be produced. But plaintiff later stated in his subsequently filed motion for sanctions that "[o]n June 1, 2026 I was finally able to view the requested video footages that are extremely important, and substantial evidence in this case." Dkt. 34 at 6. So, it seems that any issue with video production has been resolved.

To the extent plaintiff continues to believe that defendant has withheld or destroyed any evidence in bad faith, that is a separate issue, and he may file a motion for spoliation sanctions for the presiding judge's consideration. But if he does so, he will have to meet the high standard of showing that defendant destroyed the evidence on purpose to hide adverse information. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the [evidence was] destroyed but that [it was] destroyed for the purpose of hiding adverse information.").

The court will also deny plaintiff's request for sanctions. Plaintiff explains in reply that he filed the motion based on the representation of institutional staff that defendant had failed to timely respond to his motion to compel. But a review of the docket shows that defendant's response was timely filed. *See* Dkt. 29 & Dkt. 32.

**B. Plaintiff's motion for assistant in recruiting counsel, Dkt. 43**

Plaintiff asks the court for counsel, stating that this is a "complex" case, that he does not know "court etiquette" to his disadvantage when before a jury, that he has tried to find a lawyer on his own, and that trying this case will be difficult for him. Dkt. 43 at 1. In support, plaintiff has attached four letters from law firms declining to represent him. Dkt. 43-1.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is proceeding in forma pauperis, meaning that he is not required to pre-pay the full filing fee. Dkt. 6.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff has met this requirement as well by submitting letters from four law firms declining to represent him.

But plaintiff still must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for

most self-represented, indigent parties, and their limited knowledge of the law and "court etiquette" is a common predicament. So are the challenges facing incarcerated litigants, such as limited access to resources. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular []plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motion must be denied. Plaintiff is suing one defendant based on alleged inadequate medical treatment of a sprained foot. To this point, plaintiff has ably represented himself in this case in his motion practice and responses. This includes preparing and filing his materials in response to defendant's summary judgment motion, including his own additional proposed findings of fact and the declaration of another inmate. *See* Dkts. 44–48. Plaintiff's filings to date show his understanding of his claims and that he can marshal evidence in support, and that his ability to represent himself does not fall below that of the hundreds of other self-represented plaintiffs who litigate inadequate medical care cases like this one in this court every year. Although plaintiff is concerned about his ability to present evidence at trial, defendant's motion for summary judgment is pending, so it is not yet clear that this case will proceed to trial. If plaintiff's claims survive summary judgment, he may renew his motion for counsel and explain what litigation tasks he is unable to complete and why.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 28, is DENIED.
2. Plaintiff's motion for sanctions, Dkt. 34, is DENIED.
3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 43, is DENIED without prejudice.

Entered November 4, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge